## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**CASEY SHELTON WOODS, # 81862**                                                        **PLAINTIFF**

**VERSUS**                                              **CIVIL ACTION NO. 5:17cv4-DCB-MTP**

**CITY OF NATCHEZ POLICE
DEPARTMENT, DISPATCHER MACK
JAMES, CHIEF OF POLICE DANNY
WHITE, JOHN AND JANE DOES, and
CITY OF NATCHEZ**                                                                       **DEFENDANTS**

### REPORT AND RECOMMENDATION

This matter is before the Court, *sua sponte*, for consideration of dismissal pursuant to 28

U.S.C. § 1915(e)(2)(B). *Pro se* Plaintiff Casey Shelton Woods is incarcerated with the

Mississippi Department of Corrections, and he brings this action, pursuant to 42 U.S.C. § 1983

and state law. After holding a hearing and reviewing the records and applicable law, the

undersigned recommends that this action be dismissed with prejudice.

### BACKGROUND

On January 13, 2017, Plaintiff filed the instant action, following his conviction for the

murder of Pierre Tenner. Plaintiff's claims were clarified and amended at a *Spears*[1]  hearing held

October 5, 2017. Specifically, Plaintiff alleges that he and Doris Tenner were at her residence in

Natchez, Mississippi on May 24, 2015, when Doris's estranged husband, Pierre Tenner, arrived

at the house. Allegedly, Pierre was violating a restraining order by being at the house, and began

threating Plaintiff Woods. Either Doris Tenner or Plaintiff called the police at 12:15 p.m., but

they did not respond. Around ten minutes later, dispatch was called again and was told to hurry

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985); *see Flores v. Livingston*, 405 Fed App'x
931, 932 (5th Cir. 2010) (stating that allegation made at a *Spears* hearing supersede claims
alleged in the complaint).

up, but the police did not arrive. Plaintiff claims that Defendant Dispatcher Mack James told them both times that a police officer was on the way, but in fact, James did not send anyone to the residence.[2]  Plaintiff alleges that shortly after the second call Pierre pulled a gun from his truck. Plaintiff then shot Pierre in the leg killing him. According to Plaintiff, a third call to 911 was then made, reporting that someone had been shot. This time a police officer was sent.

Plaintiff was eventually indicted and tried on the charge of murder. Plaintiff alleges that the 911 tapes were played at trial, and that James testified that he did not send an officer for the first two calls because he did not think the situation was important. Plaintiff was convicted of murder in the second degree and sentenced to life in prison.

Plaintiff maintains that Mack James negligently violated his rights to equal protection by not sending an officer, and maintains this showed "negligence" to him in general. Plaintiff testified at the hearing that he and Mack James did not know one another. Plaintiff is also suing the City of Natchez and Chief of Police Danny White, because they are James's supervisors or employers.[3]  As a result of this these claims, Plaintiff is asking to be awarded monetary damages for his loss of liberty and his emotional and mental injuries.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court.   The statute reads, in pertinent part, "the court shall dismiss the case at

---

[2] After the *Spears* hearing, the parties submitted recordings and transcripts of the phone calls and transcripts from the Plaintiff's criminal trial that supports Plaintiff's allegation that an officer was not immediately sent after the 911 calls were made. *See* Docket Entries [33][36][37]. The Court reviewed these submissions; however, they do not change the underlying analysis.

[3] Plaintiff initially sued the Natchez Police Department as well. That Defendant was dismissed by Order [12] as police department is not a separate legal entity that may be sued.

any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."    28 U.S.C. § 1915(e)(2)(B).    The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."    *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, *sua sponte*, affirmative defenses that are apparent from the record even where they have not been addressed or raised."    *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). The Court has permitted Plaintiff to proceed *in forma pauperis* in this action.    His claims are subject to *sua sponte* dismissal under § 1915.

Plaintiff claims he was negligently denied police assistance, and as a result, he shot a man and was convicted of murder. Liberally construed, Plaintiff sues all Defendants under § 1983, alleging a violation of equal protection, and under state law for negligence. He also claims that James, the dispatcher, violated his substantive due process rights under a "special relationship" theory.

## SECTION 1983

### EQUAL PROTECTION

First, Plaintiff claims that James negligently violated Plaintiff's right to equal protection when police were not sent in response to the first two calls. Plaintiff asserts that the City and Chief White are vicariously liable for James's conduct. Although he invokes the Equal Protection Clause, Plaintiff has not alleged any facts in support of an Equal Protection claim.

The Equal Protection Clause prohibits a state from "deny[ing] to any person within its

jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The United States

Court of Appeals for the Fifth Circuit has held that

> [t]o state a claim under the Equal Protection Clause, a § 1983 plaintiff must either allege that (a) a state actor intentionally discriminated against him because of membership in a protected class, or (b) he has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.

*Gibson v. Tex. Dep't of Ins. – Div. of Workers' Comp.*, 700 F.3d 227, 238 (5th Cir. 2012)

(quotations omitted).

Plaintiff has not alleged that he was intentionally discriminated against because of

membership in a protected class or that he was intentionally treated differently from others

similarly situated and that there is no rational basis for the difference in treatment. Plaintiff is

alleging that James was negligent in failing to "protect" him from this situation. Negligent

conduct does not violate equal protection. *Bowie v. Procunier*, 808 F.2d 1142, 1143 (5th Cir.

1987). Rather, "[p]roof of . . . discriminatory intent . . . is required to show a violation of the

Equal Protection Clause." *Vill. of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252,

265 (1977). Plaintiff does not allege that James failed to send officers because of some

discriminatory purpose, only that James did not think the call was important. Plaintiff is merely

complaining that the police department and James did not "protect" him by sending an officer

when he wanted or needed one. Alleged negligence on James' part by not sending an officer

does not give rise to an equal protection claim. Plaintiff, therefore, fails to state an equal

protection claim and this claim should be dismissed.

SUBSTANTIVE DUE PROCESS

Plaintiff next claims that James is liable for not dispatching the police to Plaintiff's

residence, because a "special relationship existed [when Plaintiff] requested assistance" from

James. Response [10] at 4. For this reason, Plaintiff contends that the City and Chief White are again vicariously liable.

Generally, "a State's failure to protect an individual against private violence does not constitute a violation of the Due Process Clause." *Deshaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 197 (1989). However, when the State creates a special relationship with a person, it may have the duty to protect that person from violence by third parties. *Id.* at 200. Failure to do so may result in a violation of substantive due process. *Id.* at 199. However, this special relationship exists only when the government has restrained that person's liberty, limiting his freedom to act on his own behalf. *Randolph v. Cervantes*, 130 F.3d 727, 730 (5th Cir. 1997). Thus, the special relationship exists between the State and its incarcerated prisoners, involuntarily committed persons, and foster children. *Doe v. Covington Cnty. Sch. Dist.*, 675 F.3d 849, 856 (5th Cir. 2012).

Plaintiff was not in the custody of any governmental body or employee during the time in question. He was admittedly at a private residence, and he complains of the police's absence, not presence. Plaintiff testified at the hearing that he did not know the dispatcher James. There existed no special relationship between Plaintiff and James, nor any of the Defendants. This claim for violation of substantive due process should be dismissed.

SUPERVISORY OR RESPONDEAT SUPERIOR LIABILITY

Plaintiff is suing the City of Natchez and Chief of Police Danny White, because they are James's supervisors or employers. It is well-settled that Section 1983 does not "create supervisory or respondeat superior liability." *Oliver v. Scott*, 276 F.3d 736, 742 & n.6 (5th Cir. 2002); *see also Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987) (citations omitted) ("Under § 1983, supervisory officials cannot be held liable for the actions of subordinates under any

theory of vicarious liability.") "To state a cause of action under § 1983, the plaintiff must allege facts reflecting the defendants' participation in the alleged wrong, specifying the personal involvement of each defendant." *Jolly v. Klein*, 923 F. Supp. 931, 943 (S.D. Tex. 1996) (*citing Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992)). Thus, supervisory prison officials may be held liable for a Section 1983 violation only if they either were personally involved in the constitutional deprivation or if there is a "sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Thompkins*, 828 F.2d at 304; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As Plaintiff is bringing vicarious liability § 1983 claims against the City of Natchez and Chief of Police Danny White these claims should be dismissed.

## STATE LAW CLAIMS

Finally, Plaintiff claims that Defendants were negligent, under state law, in failing to offer him police protection. As the undersigned recommends dismissal of the federal claims, the undersigned also recommends dismissal of the negligence claims. The negligence claims invoke the Court's supplemental jurisdiction. 28 U.S.C. § 1367(a). Pursuant to 28 U.S.C. § 1367(c)(3), "[t]he district courts may decline to exercise supplemental jurisdiction over a claim ... if ... the district court has dismissed all claims over which it has original jurisdiction." A district court "is afforded discretion to decline supplemental jurisdiction over such state law claims that do not impart the Court with original jurisdiction." *Kimbriel v. City of Greenville, Miss.*, 2015 WL 3673517, *3 (N.D. Miss. June 12, 2015).

The Fifth Circuit has set forth several statutory and common law factors to apply when

deciding whether to exercise supplemental jurisdiction. *Enochs v. Lampasas County*, 641 F.3d 155, 159 (5th Cir.2011). The statutory factors are: (1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction." *Id.* (citing 28 U.S.C. § 1367(c)).

Courts have recognized that claims against government employees – of which Plaintiff sues several - can present "difficult state law issues under the [Mississippi Tort Claims Act]." *See Kimbriel v. City of Greenville, Miss.*, 2015 WL 3673517, *3 (N.D. Miss. June 12, 2015); *Davis v. City of Vicksburg, Miss.*, No. 3:13-CV-886-DCB-MTP, 2015 WL 4251008, at *5 (S.D. Miss. July 13, 2015). This case presents such claims. The second and third factors also weigh against jurisdiction because the undersigned recommends dismissal of the federal claims, which would leave the state claims to predominate. *Enochs*, 641 F.3d at 159 (finding that "state law claims predominate over the non-existent federal claims"). As to the fourth factor, the undersigned finds no exceptional circumstances or other compelling reasons for declining jurisdiction.

Courts additionally consider the four common law factors: "judicial economy, convenience, fairness, and comity." *Id.* (*citing Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). It would not be unfair to dismiss these state law claims as discovery has not yet occurred in this case, nor have any case deadlines been set. Moreover, no significant judicial resources have been expended. *Brookshire Bros. Holding, Inc. v. Dayco Products, Inc*., 554 F.3d 595, 602, 603 (5th Cir.2009). The Fifth Circuit has explained that when the federal claims are dismissed, leaving only a state law dispute between non-diverse parties, the Court generally

should decline jurisdiction. *Enochs*, 641 F.3d at 161. Balancing the factors, the undersigned recommends that the state law claims be dismissed without prejudice.

## RECOMMENDATION

1.  All Plaintiff's 42 U.S.C. § 1983 claims should be dismissed with prejudice;

2.  Plaintiff's state law claims should be dismissed without prejudice, pursuant to 28 U.S.C. § 1367(c);

3.  This action should be dismissed.

## <u>RIGHT TO OBJECT</u>

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS, the 2nd day of February, 2018.

s/ Michael T. Parker
United States Magistrate Judge