IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CASEY SHELTON WOODS, #81862                                PLAINTIFF

V.                                      CAUSE NO. 5:17-CV-4-DCB-MTP

CITY OF NATCHEZ POLICE DEPARTMENT,
DISPATCHER MACK JAMES, CHIEF OF POLICE
DANNY WHITE, JOHN AND JANE DOES, and
CITY OF NATCHEZ                                           DEFENDANTS

ORDER AND OPINION

This cause is before the Court on Magistrate Judge Michael T. Parker's Report and Recommendation **[Doc. 40]** that the Court dismiss this 42 U.S.C. § 1983 action filed by pro se plaintiff Casey Shelton Woods, proceeding in forma pauperis, and Woods's Objection **[Doc. 41]** to that Report and Recommendation.

I

Nineteenth months after he shot and killed Pierre Tenner, Woods sued the City of Natchez, Dispatcher Mack James, and Chief of Police Danny White for failing to timely dispatch police officers to the scene at which Woods murdered Tenner.[1]

---

[1] The Court dismissed the Natchez Police Department, which Woods originally named as a defendant, and liberally construed Woods's allegations against it as allegations against the City of Natchez. See Doc. 12.

The murder occurred on May 24, 2015 at the home of Pierre Tenner's wife, Doris. Woods alleges he and Doris Tenner were at her home when Pierre arrived. Pierre threatened Woods, and Doris or Woods twice called the Natchez Police Department ("NPD"). Woods alleges that NPD Dispatcher Mack James twice told them that an officer was en route when that was not so.

The crux of Woods's Complaint is Dispatcher James's alleged failure to timely send an officer to Doris Tenner's home. Magistrate Judge Parker held a <u>Spears</u> hearing and liberally construed Woods's Complaint as attempting to allege state-law negligence claims and § 1983 claims for violations of equal protection and substantive due process.

II

On February 2, 2018, Magistrate Judge Parker determined that Woods's suit should be dismissed under 28 U.S.C. § 1915(e)(2)(B) and entered a Report and Recommendation so reflecting.[2]

First, the Report and Recommendation advises that the Court dismiss with prejudice Woods's equal protection-based § 1983 claim because Woods fails to allege that he was intentionally discriminated against because of his membership in a protective

---

[2] Section 1915 empowers the Court to dismiss on its own motion the complaint of a prisoner proceeding <u>in forma pauperis</u> when — as here — it fails to state claims on which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(ii).

2

class or that he was intentionally treated differently from others similarly situated without rational basis.

Second, the Report and Recommendation advises that the Court dismiss with prejudice Woods's substantive due process-based § 1983 claim because Woods failed to plead the "special relationship" necessary to show a violation of the Due Process Clause on a failure-to-protect theory.

Finally, the Report and Recommendation advises that the Court decline to exercise supplemental jurisdiction over Woods's state-law negligence claims because all claims within the Court's original jurisdiction should be dismissed.

Woods timely objects to the Report and Recommendation and raises these issues in these terms:

1) 911 calling transcript proved beyond doubt that a so-called special relationship did exist.

2) Dispatcher's policy proved beyond doubt that dispatcher was negligent.

3) Elements of negligence, duty, breach, and causation were all exposed.

4) Along with any cause plaintiff may have left out that surrounds this Motion to Object to Recommendation, plaintiff pleads this Court to reconsider.

See Doc. 41.[3]

---

[3] Although it contains four statements, Woods's Objection attacks only two conclusions: that Woods lacked the "special relationship" necessary to support his § 1983 claim under the Due Process Clause and that discretionary

III

When a party objects to a magistrate judge's proposed findings and recommendations, the Court reviews de novo the recommendations to which an objection is made. 28 U.S.C. § 636(b)(1). The Court need not consider frivolous, conclusory, or generalized objections. Battle v. U.S. Parole Com'n, 834 F.2d 419, 421 (5th Cir. 1987) (per curiam). After its review, the Court may accept, reject, or modify the recommendation of the magistrate judge, receive further evidence in the case, or return the matter to the magistrate with further instructions. 28 U.S.C. § 636(b)(1)(C).

IV

Charitably read, Woods's Complaint attempts to plead three types of § 1983 claims — one sounding in equal protection, another grounded in substantive due process, and a third premised on supervisory liability. As to each, Woods must allege (1) a violation of a right secured by the Constitution,(2) committed by a person acting under color of state law. James v. Texas Collin Cty., 535 F.3d 365, 373 (5th Cir. 2008).

---

dismissal of his state-law negligence claim was appropriate. The Court in any event reviews the entirety of the Report and Recommendation de novo.

A

The Court turns first to Woods's attempt to plead a claim against the City of Natchez, Dispatcher Mack James, and Chief of Police Danny White under § 1983 for violations of the Equal Protection Clause.

The Fourteenth Amendment's Equal Protection Clause forbids a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. CONST. AMEND. XIV, § 1.

A § 1983 plaintiff may plead an Equal Protection Clause violation in at least two ways. He may allege that a state actor intentionally discriminated against him because of his membership in a protected class. Williams v. Bramer, 180 F.3d 699, 705 (5th Cir. 1999). Or he may allege he was intentionally treated differently from others similarly situated without rational basis. Integrity Collision Ctr. v. City of Fulshear, 837 F.3d 581, 586 (5th Cir. 2016) (citation omitted).

Woods nowhere alleges that any Defendant intentionally failed to timely dispatch an officer to the Tenner residence because of his membership in a protected class. Nor does Woods allege that, in failing to timely dispatch an officer, Defendants intentionally treated him differently from other similarly situated 911 callers without rational basis. Thus, Wood's Complaint fails to plead a § 1983 claim based on a denial of equal

5

protection, and the Report and Recommendation correctly concludes that the claim should be dismissed with prejudice.

B

The Court next considers Woods's attempt to plead a claim against the City of Natchez, Dispatcher Mack James, and Chief of Police Danny White under § 1983 for violations of the Fourteenth Amendment's Due Process Clause on a failure-to-protect theory.

The Due Process Clause of the Fourteenth Amendment forbids a state from "depriv[ing] any person of life, liberty, or property without due process of law." U.S. CONST. AMEND. XIV. One piece of Due Process Clause doctrine is termed "substantive due process" and "protects individual liberty against certain government actions regardless of the fairness of the procedures used to implement them." Collins v. City of Harker Heights, Tex., 503 U.S. 115, 125 (1992) (internal citation omitted).

A state's failure to protect a citizen from private violence does not violate substantive due process. DeShaney v. Winnebago Cty. Dept. of Social Servs., 489 U.S. 189, 197 (1989). But a Due Process Clause-derived duty to protect arises if a state creates a "special relationship" with a citizen. Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys, 675 F.3d 849, 856 (5th Cir. 2012) (en banc) (citing DeShaney, 489 U.S. at 200).

A state creates a "special relationship" when it "takes a person into its custody and holds him there against his will." DeShaney, 489 U.S. at 199-200. The common examples are an incarcerated prisoner or a person that is involuntarily committed to an institution. Doe ex rel. Magee, 675 F.3d at 856 (internal citations omitted).

No "special relationship" exists here. As the Report and Recommendation observes, Woods was not in anyone's custody at the time he faults NPD for failing to timely dispatch an officer to protect him; he was, rather, at Doris Tenner's home of his own accord. Still, Woods urges the Court to divine a "special relationship" from the transcript of a 911 call. The Court has reviewed the transcript, Doc. 36-2, and finds that it fails to create a "special relationship" through which Defendants could have assumed a constitutional duty to protect Woods from private violence.

Woods's Complaint fails to plead a § 1983 claim based on a violation of substantive due process, and the Report and Recommendation correctly concludes that the claim should be dismissed with prejudice.

C

The Court next considers the supervisory liability of the City of Natchez and Chief of Police Danny White under § 1983 for the alleged misconduct of Dispatcher James.

Section 1983 liability requires some form of personal involvement in the alleged deprivation. Anderson v. Pasadena Ind. Sch. Dist., 184 F.3d 439, 443 (5th Cir. 1999). So a supervisor is not vicariously liable for the actions of a subordinate under § 1983. Roberts v. City of Shreveport, 397 F.3d 287, 292 (5th Cir. 2005) (internal citation and quotation marks omitted). A § 1983 plaintiff suing a supervisor must instead allege (1) the police chief failed to train or supervise the officer; (2) a causal link between the chief's failure to supervise or train and the violation of the plaintiff's rights; and (3) the failure to supervise constituted deliberate indifference to the plaintiff's constitutional rights. Id. (citing City of Canton v. Harris, 489 U.S. 378 (1989)).

Woods's Complaint does not allege any direct misconduct by the City of Natchez or Chief of Police Danny White. Rather, it attempts to impute to them Dispatcher James's alleged federal-law violations. The Complaint therefore fails to plead a § 1983 claim based on a supervisory liability theory, and the Report and Recommendation correctly concludes that the claim should be dismissed with prejudice.

V

Having concluded that all of Woods's federal-law claims should be dismissed, the Court turns to his state-law claims.

The Court may decline to exercise supplemental jurisdiction over state-law claims if, as here, it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Because the Court has determined that all claims within its original jurisdiction should be dismissed, the Court will follow the Fifth Circuit's "general rule" and "decline to exercise jurisdiction over remaining state-law claims." <u>Heggemeier v. Caldwell Cty., Texas</u>, 826 F.3d 861, 872 (5th Cir. 2016) (per curiam) (internal citation and quotation marks omitted).

The Report and Recommendation correctly concludes that all of Woods's federal-law claims should be dismissed, and correctly applies the Fifth Circuit's "general rule" to advise that the Court decline jurisdiction over Woods's remaining claims and dismiss them without prejudice.

VI

The Court has independently reviewed the entire record and reviewed <u>de novo</u> the matters raised by Woods's Objection. For the reasons set forth above, the Court concludes that Woods's Objection lacks merit and should be overruled.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Michael T. Parker's Report and Recommendation **[Doc. 40]** is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that all claims Plaintiff Casey Shelton Woods asserts under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE.

FURTHER ORDERED that all state-law claims Plaintiff Casey Shelton Woods asserts are DISMISSED WITHOUT PREJUDICE.

A Final Judgment dismissing this action will follow in accordance with Federal Rule of Civil Procedure 58.

SO ORDERED, this the 27th day of March, 2018.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE